FILED
United States Court of Appeals
Tenth Circuit

April 1, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RASHAD AMIN THOMAS,

        Petitioner - Appellant,

v.

ROBERT PATTON, ODOC Director,

        Respondent - Appellee.

No. 14-6238
(D.C. No. 5:14-CV-00712-R)
(W.D. Okla.)

**ORDER**

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.

In this habeas case, we are called upon to address an issue of timeliness. The petitioner, Mr. Rashad Amin Thomas, pleaded guilty in state court on charges involving first degree murder and possession of a firearm after a former adjudication. The state district court accepted Mr. Thomas's plea, and the conviction became final in 2002.

Under federal law, a habeas petition must ordinarily be filed within one year of the date that the conviction became final. 28 U.S.C. § 2244(d)(1)(A). Mr. Thomas waited roughly eleven years to seek relief in state court and twelve years to seek habeas relief in federal court. Based on this delay, the district court ordered dismissal based on timeliness. Mr. Thomas seeks to appeal, arguing that

he is entitled to equitable tolling. To appeal, Mr. Thomas needs a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). We decline to issue the certificate and dismiss the appeal.

For a certificate of appealability, Mr. Thomas must show that reasonable jurists could debate the district court's ruling on timeliness. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Mr. Thomas fails to make this showing.

Acknowledging his twelve-year delay, Mr. Thomas urges equitable tolling based on

- abandonment by counsel,

- lack of access to the law library while at the Granite Reformatory, and

- ex parte communications between the state district judge and the District Attorney's Office.

For equitable tolling, however, Mr. Thomas must show due diligence. *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). No reasonable jurist would find due diligence even if all of Mr. Thomas's allegations were credited.

Though Mr. Thomas urges abandonment of counsel, he acknowledges that he pleaded guilty. When entering this plea, Mr. Thomas stated in writing that he understood his right to appeal. R. vol. 1 at 85. Then, he confirmed this understanding to the state district judge:

| | |
|---|---|
| The Court: | You know you have a right to appeal from the Judgment and Sentence imposed by this Court today. |

2

|   |   |
|---|---|
|   | You have reviewed that with your attorney, is that correct? |
| The Defendant: | Yes, ma'am. |
| The Court: | Mr. Thomas, I see on the paperwork that you have circled, yes, that you have understand [sic] your rights and how to initiate an appeal, is that correct? |
| The Defendant: | Yes, ma'am. |
| The Court: | Do you need me to review with you any of your rights or that process? |
| The Defendant: | No, ma'am. |

*Id.* at 132.

Mr. Thomas waited over eleven years before taking action. When he did, he requested leave to appeal out of time in state court, arguing abandonment by his attorney. The state courts declined this request. Mr. Thomas argues that these decisions were tainted by misconduct on the part of the state district judge and the prosecutor.

Even if there had been misconduct, however, Mr. Thomas had little reason to wait more than eleven years before seeking leave to appeal out of time.

Mr. Thomas argues that

- he would ultimately have been able to appeal if his attorney had not failed to act or if the state district judge had acted honestly, and

- honest consideration of his application would have resulted in leave to appeal out of time, which would have restarted the one-year limitations period for a habeas petition.

3

For the sake of argument, we may assume that these arguments are correct. Still, as Mr. Thomas acknowledges, he could invoke equitable tolling only if he had acted with due diligence in the face of his attorney's abandonment or the misconduct by the judge and prosecutor. *See* App. for Cert. of Appealability at 3A ("But, to get to the *Jimenez v. Quarterman* resetting of the clock, I must overcome the hurdles of demonstrating equitable tolling, extraordinary circumstances, due diligence, and cause and prejudice."). Any reasonable jurist would conclude that Mr. Thomas failed to act with due diligence by waiting over eleven years to take any action.

Mr. Thomas contends that for the 8½ years he was at the Granite Reformatory, he was unable to use the law library. *Id.* at 4F. Even if Mr. Thomas had not been able to use the law library for this 8½ year period, that would not explain his failure to take any action when he was housed elsewhere for 2½ years. And, with or without access to a law library, Mr. Thomas should have known that he would not have had eleven years to appeal.

He acknowledges that most jurists would conclude that he was not diligent. *See id.* at 4G ("Since it has been almost 14 yrs since my guilty plea, most jurists are not inclined to conclude due diligence."). We would go further and conclude that no reasonable jurist would regard Mr. Thomas as diligent when he waited until 2014 to file a habeas petition on a conviction that had become final twelve

4

years earlier. In these circumstances, we decline to issue a certificate of appealability and dismiss the appeal.

With his request for a certificate of appealability, Mr. Thomas requested leave to proceed in forma pauperis. Because we are dismissing the appeal, we deny the request for leave to proceed in forma pauperis on the ground of mootness. *See Johnson v. Keith*, 726 F.3d 1134, 1136 (10th Cir. 2013) (denying leave to proceed in forma pauperis on the ground of mootness upon denial of a certificate of appealability).

Entered for the Court


Robert E. Bacharach
Circuit Judge